UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCHRIS BATES,

    Petitioner,

v.                                                              Case No. 2:12-cv-167
                                                                          HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner Marchris Bates filed this petition for writ of habeas corpus challenging his convictions for assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Petitioner was sentenced as fourth habitual offender to a consecutive term of two years imprisonment on his possession of a firearm during the commission of a felony conviction and to terms of imprisonment of nine to thirty years on his assault and his felon in possession of a firearm convictions. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        Petitioner alleges that:

        I. Petitioner's right to due process was violated when the trial court failed to deliver a jury instruction on self defense.

        II. Petitioner's right to due process was violated when the trial court failed to deliver a curative instruction to the jurors.

        III. Petitioner assigned as error the giving of the lesser instruction of assault with intent to do great bodily harm less than murder.

        IV. Petitioner challenged the sufficiency of the information in the complaint in connection with the crime charged. Error may occur

>  where theory is supported by evidence.  Petitioner was acquitted of crime charged.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the trial court erred by failing to give an instruction on self defense. The Michigan Court of Appeals rejected this claim explaining:

> Defendant first asserts that the trial court erroneously refused to deliver a jury instruction on self-defense. We disagree. A trial court's decision whether an instruction applies to the facts is reviewed for an

abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

While a defendant does not have to testify to merit an instruction on self-defense, there must be some evidence to establish to support such a theory. *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978). A claim of self-defense first requires that a defendant has acted in response to an assault. *Detroit v Smith*, 235 Mich App 235, 238; 597 NW2d 247 (1999). "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions." *People v Heflin*, 434 Mich 482, 503; 456 NW2d 10 (1990) (opinion by Riley, C.J.). However, a defendant may not use any more force than is necessary to defend himself. *People v Kemp*, 202 Mich App 318, 322; 508 NW2d 184 (1993).

In the instant case, there was no evidentiary support for a claim of self-defense. Here, it is undisputed that the victim, Michael Seymour, initiated an assault on defendant; thus, the first requirement of a claim of self-defense was established. See *Smith*, *supra* at 238. At some point during the altercation, Seymour indicated that he was "easing up" on defendant when a shot was fired. Seymour then abandoned his attack and began to retreat. Defendant's criminal charges stem from two subsequent shots fired by defendant at Seymour as Seymour was fleeing from defendant. On appeal, defendant asserts that he disarmed Seymour, and then fired shots at Seymour in self-defense. Other than a self-serving statement by defendant in a letter to an eyewitness, the evidence adduced at trial did not support that assertion.

At trial, the only evidence regarding who possessed the gun was through Seymour's testimony, and he claimed that he and his cousins were unarmed. One eyewitness testified that she did not see a gun until Seymour "got off" of defendant after the initial shot sounded. The other eyewitness only observed the altercation after she heard gunshots. Seymour and the two eyewitnesses all testified that defendant fired two more shots at Seymour as Seymour was attempting to flee the scene. One eyewitness estimated that defendant fired those shots when Seymour was 10 feet away and then 50 to 60 feet away from defendant. The evidence does not support a finding that defendant could have reasonably and honestly believed that he was in imminent danger or that such action was justified under the

- 4 -

> circumstances when he fired the two shots at Seymour as Seymour fled from defendant. See *Heflin*, *supra* at 502-503. Because there was no evidentiary support for an instruction of self-defense, the trial court properly denied defendant's request for such an instruction. *People v Wess*, 235 Mich App 241, 243; 597 NW2d 215 (1999). We conclude that the trial court did not abuse its discretion in denying defendant's request for a self-defense instruction. *Gillis*, *supra* at 113.

Michigan Court of Appeals decision at 1-2, (Docket #20).

The right to assert self defense at trial is fundamental. *Taylor v. Withrow*, 288 F.3d 846 (6th Cir. 2002).

> We hold that the right of a defendant in a criminal trial to assert self-defense is one of those fundamental rights, and that failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the due process clause. It is indisputably federal law as announced by the Supreme Court that a defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *see also Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Harrington v. Jackson,* 1 Fed.Appx. 367, 2001 WL 45417, at *1 (6th Cir. January 10, 2001). A necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions.

*Id.* at 851-852.

However, a self defense jury instruction demand requires some evidence to support the instruction. In *Taylor* the court found:

> We find that the state trial court's ruling that there was no evidence of justified self-defense, and its consequent refusal to instruct the jury on self-defense and imperfect self-defense, did not involve either an unreasonable determination of the facts or an unreasonable application of clearly established federal law.

*Id*. at 854.

Petitioner was free to determine his defensive strategy. The evidence as elucidated by the Michigan Court of Appeals, and found by the trial court, did not support a self defense instruction. Where there is no evidence to support a self defense claim, a petitioner cannot assert that his right to present a defense was denied when the trial court refuses to give a jury a self defense instruction. *Id*. at 853. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

To the extent that Petitioner claims that prosecutorial misconduct occurred and the court failed to give a proper curative instruction, Petitioner's claims lack merit. The Michigan Court of Appeals rejected these claims:

> First, defendant contends that the prosecutor improperly commented on defendant's right not to testify. During closing argument, the prosecutor stated the elements for the lesser charge of assault with intent to do great bodily harm. In discussing the intent element, the prosecutor asserted in relevant part:
>
> Actual injury is not necessary. [Defendant] did not have to actually hit Mr. Seymour with a bullet. He only had to intend to hit him and intend to cause great bodily harm.
>
>> Again, how do we know what intent is? We know it from what people say. We don't have any statements from the defendant here, but we . . .
>>
>> At that point, defense counsel raised an objection without specifying any grounds, which the trial court sustained.
>
> A prosecutor may not comment on a defendant's post-arrest silence. *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003). However, examining the entire record and evaluating the

- 6 -

> prosecution's remarks in context, *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004), we conclude that the prosecutor was attempting to argue that the intent element for the lesser offense was proved. Certainly, the prosecutor's argument regarding this element could have been more precise. However, when viewed in context, the argument was not an improper comment on defendant's failure to testify. Moreover, defense counsel immediately raised an objection, and the trial court provided a subsequent instruction that a defendant has no obligation to testify in a criminal case. When the prosecutor resumed his argument, he emphasized that point, affirmatively stating that one who exercises his right to remain silent should not have his silence held against him, and that this fundamental right should be protected and solemnly kept by the jury. Further, the trial court later instructed the trial that "[e]very defendant has the absolute right not to testify," and that "[t]he lawyers' statements and arguments are not evidence." See *People v Bahoda*, 448 Mich 261, 281; 531 NW2d 659 (1995). Defendant was not denied his right to a fair trial by the challenged remarks by the prosecutor. *Paquette*, *supra* at 342.

Michigan Court of Appeals decision at 2-3, (Docket #20).

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

In *Doyle v. Ohio*, 426 U.S. 610 (1975), the Supreme Court held that a prosecutor may not use a petitioner's silence at the time of arrest or after *Miranda* warnings have been given for impeachment during trial. *See also Greer v. Miller*, 483 U.S. 756 (1987). In my opinion, there was no violation of petitioner's right to remain silent. Even if an error occurred, the statements made could not have had a substantial and injurious effect on the jury verdict. In order to justify habeas relief based on the state trial court's error, petitioner must show that the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 1722 (1993); *O'Neal v. McAninch*, 513 U.S. 432 (1995); *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239 (1946). The Supreme Court stated "if one cannot say with fair assurance, . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected," *Kotteakos*, 328 U.S. at 750, 66 S. Ct. at 1248, and if a judge is in "grave doubt" as to whether a constitutional error had a substantial effect on a jury, that error is not harmless and the petitioner must win. *O'Neal*, 115 S. Ct. at 995. Under *Brecht*, petitioner must show that the trial error resulted in actual prejudice. Moreover, the court offered a curative instruction to the jury: "There is absolutely, fundamentally no obligation of the defendant to testify in a criminal case. The jury is instructed to disregard, and I will instruct and emphasis this point in my closing argument - - in my instructions." Trial transcript Vol. IV. at 52 (Docket #18). In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the court erred by giving the lesser included offense instruction of assault with intent to do great bodily harm less than murder. Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Rashad v. Lafler*, No. 09-2371, slip op. at 7 (6th Cir. Apr. 5, 2012) (same); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Id.* In order to show a constitutional violation, petitioner must demonstrate that the instruction violated due process. *Henderson*, 431 U.S. at 153. As the Supreme Court explained:

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154. The evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court. The instruction the court provided is an instruction on the lesser included offense to assault with intent to murder. The court properly gave the instruction. In the opinion of the undersigned, Petitioner cannot establish that his due process rights were violated when the court gave an instruction on a lesser included offense.

Petitioner's assertion that he was improperly bound over after the preliminary exam lacks merit. The Michigan Court of Appeals rejected this claim based upon state law. No

constitutional right to a preliminary examination exists. *Gerstein v. Pugh*, 420 U.S. 103 (1975). Although, the United States Supreme Court held that the Fourth Amendment required a timely judicial determination of probable cause prior to detention, the Court stated "an illegal arrest or detention does not void a subsequent conviction." *Id.* at 119. The Court explained that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id.* It is therefore recommended that Petitioner's claim regarding the denial of an open hearing and his preliminary examination claim be dismissed as failing to assert a constitutional claim.

Petitioner claims that insufficient evidence existed to support his conviction of assault with intent to cause great bodily harm. Petitioner presented this claim in his motion for relief from judgment which was denied by the trial court and affirmed by the Michigan appellate courts. On direct appeal, Petitioner raised the issue of whether the trial court erred by denying his motion for directed verdict. The Michigan Court of Appeals explained:

> The testimony adduced at trial, when viewed in the light most favorable to the prosecutor, could have persuaded a rational fact finder that all of the elements of assault with intent to murder were proved beyond a reasonable doubt. Three witnesses testified that defendant pointed a gun and fired two shots at Seymour as Seymour was fleeing from defendant. The element of intent to kill may be proved by reasonable inferences from that testimony.

Michigan Court of Appeals decision at 5, (Docket #20) (citation omitted).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that

the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts in his Answer to Respondent's Opposition that he is entitled to an evidentiary hearing and requests to file a supplemental brief on each of his ineffective assistance of counsel claims. Petitioner claims that the prosecutor's "star witness" has recanted his testimony and Petitioner is in the process of presenting this newly discovered evidence. Further, Petitioner claims that trial counsel was ineffective for failing to present evidence of Petitioner's "extreme mental or emotional disturbance."

The ability of a habeas corpus petitioner to introduce new evidence in support of his habeas corpus petition is significantly circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court has recently underscored the fundamental policy of AEDPA to "strongly discourage" petitioners from submitting new evidence in support of their request for relief in federal court. *Cullen v. Pinholster*, —U.S. —, —, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011). Except in those circumstances allowed by 28 U.S.C. § 2254(e)(2), habeas corpus review is limited to the record that was before the state court. 131 S.Ct. at 1400–01.

The Rules Governing Section 2254 Proceedings in the District Courts contemplate two methods for the introduction of new evidence in support of a habeas corpus petition. One method is under Rule 7(a), which allows the court to direct the parties to expand the record by submitting additional materials relating to the petition. The other method is an evidentiary hearing, authorized by Habeas Rule 8. The provisions of AEDPA significantly limit the circumstances in

which a habeas court is allowed to grant evidentiary hearings. 28 U.S.C. § 2254(e)(2). AEDPA provides that the district court shall not hold an evidentiary hearing "if the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). This standard requires the exercise of diligence by a habeas petitioner. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). If the record shows that petitioner is guilty of a lack of diligence, or some greater fault, in failing to develop the factual basis of the claim in the state courts, then the habeas court is likewise required to deny an evidentiary hearing. 529 U.S. at 432. AEDPA sets forth exceptions to this bar, which apply to new rules of constitutional law, factual predicates that could not have been previously discovered through the exercise of diligence, and facts showing actual innocence by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A), (B).

Although section 2254(e)(2) is expressly directed at evidentiary hearings and does not mention motions to expand the record under Rule 7(a), both the Supreme Court and the Sixth Circuit hold that a motion to expand the record under Rule 7(a) must meet the conditions of section 2254(e)(2). In *Holland v. Jackson*, 542 U.S. 649 (2004) ( per curiam ), the Sixth Circuit had granted habeas corpus relief on the basis of a witness statement that did not appear in the state-court record. The Supreme Court held that reliance on the statement was erroneous. The court noted the restrictions that section 2254(e)(2) imposes on the availability of evidentiary hearings in a habeas corpus case. "Those same restrictions apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing." 542 U.S. at 653. The lower federal courts, including the Sixth Circuit, likewise hold that a petitioner's effort to expand the record by including affidavits or other documentary evidence must meet the conditions under section 2254(e)(2) for an evidentiary hearing. See *Landrum v. Mitchell*, 625 F.3d 905, 923–24 (6th Cir. 2010); *Samatar v. Clarridge*, 225 F. App'x 366, 374 (6th Cir. 2007); see also *Rhoades v. Henry*, 598 F.3d 511, 517 (9th Cir. 2010);

*Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (when petitioner seeks to expand record under Habeas Rule 7, conditions prescribed by section 2254(e)(2) must still be met); *Owens v. Frank*, 394 F.3d 490, 498–99 (7th Cir. 2005); *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003) (petitioner's attempt to support his allegations with documentary evidence that was not submitted to state court is subject to the restrictions of section 2254(e)(2)); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (section 2254(e)(2) governs "[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing").

Under the foregoing authorities, Petitioner's request to supplement the record cannot be granted. Petitioner's brief makes assertions (unsupported by any proof) that the prosecutor's "star" witness recanted his testimony. Petitioner has not submitted any evidence that any witness recanted testimony. Further, Petitioner has not submitted a claim that could rise to the level of ineffective assistance of counsel. Accordingly, in the opinion of the undersigned, Petitioner's unsupported conclusions fail to justify the need for an evidentiary hearing in this case.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 16, 2015        /s/ TIMOTHY P. GREELEY
                                                                  TIMOTHY P. GREELEY
                                                                  UNITED STATES MAGISTRATE JUDGE